**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **YVETTE ADELLE SANDERS, Individually and as Surviving Parent, and YVETTE ADELLE SANDERS, as Administratrix for the Estate of Andrew Thomas Spencer, deceased,**<br><br>          **Plaintiffs,**<br><br>   v.<br><br>**QUIKTRIP CORPORATION, and BJS QT, LLC,**<br><br>          **Defendants.** | 1:17-cv-2341-WSD |

## **OPINION AND ORDER**

This matter is before the Court on two motions related to the Court's subject matter jurisdiction: (i) Defendants QuikTrip Corporation ("QuikTrip") and BJS QT, LLC's ("BJS," collectively, the "Defendants") Brief in Support of Motion to Dismiss BJS from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure (the "Motion to Dismiss") [10] and (ii) Plaintiff's motion to remand this action to the State Court of DeKalb County (the "Motion to Remand") [12].

**I.     BACKGROUND**

   A.     Facts

Plaintiff Yvette Adelle Sanders ("Plaintiff") originally filed this wrongful death action on May 24, 2017, in the State Court of DeKalb County, Georgia, on behalf of herself individually and as the administratrix of the estate of Andrew Thomas Spencer, her deceased son who was shot and killed outside of the QuikTrip gas station located at 4050 Buford Highway in Atlanta, Georgia. (Compl. [1.1]).

Plaintiff alleges several acts of negligence against both Defendants, including violations of Georgia's premises liability statute, O.C.G.A. § 51-3-1, which imposes a duty on owners and occupiers of land to exercise ordinary care to keep the premises safe. (Id. ¶ 29). Plaintiff further alleges that Defendants were negligent in failing to inspect and maintain the QuikTrip gas station where Plaintiff's son was killed, failing to provide adequate lighting in the parking lot, and failing to employ other appropriate security measures. (Id.).

BJS states that on the date of the shooting, it was the owner and landlord/lessor of the premises and that QuikTrip was the tenant/lessee. (Affidavit

of BJS QT, LLC [10.2] ¶ 7 (the "BJS Affidavit")).[1]  BJS further states that Defendant QuikTrip fully occupied the premises, (Id.) and that BJS did not retain any right of possession or maintenance responsibilities on that date.  (Id. ¶ 8).  BJS did not have any employees.  (Id. ¶ 10).

B. Procedural History

On June 22, 2017, Defendant QuikTrip timely filed its Notice of and Petition for Removal [1] ("Notice of Removal").  The Notice of Removal asserts that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  ([1] ¶ 7).  BJS filed its Consent to Removal on July 6, 2017.  ([5]).

---

[1] As an initial matter, Plaintiff argues that this Court may not consider the BJS Affidavit without converting Defendants' motion into one for summary judgment. Plaintiff's argument relies on authority relating to a court's consideration of matters outside the pleadings on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  That is not the motion that is before the Court. Defendants have moved under Rule 21 for the removal of BJS as a party to the case.  Rule 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Our circuit authority holds that a court may consider evidence outside of a plaintiff's complaint when determining whether joinder is fraudulent.  See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir.1998) ("The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties*.") (emphasis added); Manley v. Ford Motor Co., 17 F. Supp. 3d 1375, 1383 (N.D. Ga. 2014) ("[F]raudulent-joinder analysis may include materials other than those attached to the complaint, such as affidavits and deposition transcripts . . . whereas in analyzing a motion to dismiss for failure to state a claim, Georgia courts cannot consider such materials.") (internal citation omitted).

3

On July 12, 2017, QuikTrip filed its Amended and Supplemented Notice of and Petition for Removal. ([7]). QuikTrip set forth the citizenship of Plaintiff and both Defendants for the purpose of invoking the Court's subject matter jurisdiction. (Id. ¶¶ 3-9). QuikTrip asserted that Plaintiff Yevette Sanders is a citizen of Michigan. (Id. ¶ 3). In her capacity as administratrix of her son's estate, Plaintiff is deemed a citizen of Georgia, the state of her decedent. (Id.; see also 28 U.S.C. § 1332(c)(2)). Defendant QuikTrip is a citizen of Oklahoma because its state of incorporation and principal place of business are in Oklahoma. ([7] ¶ 4).

Defendant BJS's citizenship is more complex. BJS is a limited liability company and QuikTrip states that the members include the California State Teachers' Retirement System ("CSTRS"). ([7] ¶ 9). QuikTrip argued that CSTRS is a citizen of California and not an alter ego of the state of California. (Id.).[2]

On July 14, 2017, two days after the Amended Notice of Removal was filed, Defendants filed their Motion to Dismiss [10], arguing that BJS was fraudulently joined as a defendant in this action to destroy diversity jurisdiction. Defendants argue that BJS is an out-of-possession landlord of the premises, cannot be held

---

[2] If CSTRS is the alter ego of the State of California, diversity jurisdiction is defeated. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999).

4

liable for any claims in this action under Georgia law, and thus was fraudulently joined as a Defendant. Defendants repeated their claim that CSTRS should be deemed a citizen of California and for the first time also stated that CSTRS may be a citizen of all states where its members are citizens. They stated further that "Defendants acknowledge that at this time, all members of this entity are unknown but also acknowledges [sic] the possibility or potential that one such member is a citizen of Georgia or Michigan, which would destroy diversity jurisdiction." ([10] at 4). QuikTrip argued that even if a member of CSTRS defeated jurisdiction, BJS was fraudulently joined and should be dismissed from this action.

On July 21, 2017, Plaintiff filed her Motion to Remand [12] the action to state court following Defendants' equivocation on whether CSTRS was or was not a citizen of Georgia or Michigan. Plaintiff argued that Defendants did not meet their burden on removal of invoking the Court's subject matter jurisdiction.

## II. DISCUSSION

The principal question here is whether the Court has diversity jurisdiction. If CSTRS had a Georgia or Michigan citizen as a member, there would be no diversity of citizenship and the case would be required to be remanded unless BJS was fraudulently joined. The Court thus considers first if BJS was joined fraudulently because if it was, the question of BJS's citizenship is moot.

5

A.     Fraudulent Joinder

Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "It exists when a defendant has been named solely to defeat diversity jurisdiction." Manley v. Ford Motor Co., 17 F.Supp. 3d 1375, 1381 (N.D. Ga. 2014). Where fraudulent joinder is established, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

When fraudulent joinder of a defendant is alleged, "the removing party has the burden of proving either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). "If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the Complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir. 2007). "The burden to prove fraudulent joinder is a heavy one." Pacheco de Perez v. AT&T Co., 139 F.3d

6

1368, 1380 (11th Cir. 1998). It must be "supported by clear and convincing evidence." Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962).

"To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." Crowe, 113 F.3d at 1538. "[W]hether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Pacheco de Perez, 139 F.3d at 1380; see also Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287.

B.  Landlord Premises Liability Under Georgia Law

Plaintiff alleges against BJS violations of Georgia's premises liability statute. Georgia law provides:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

7

O.C.G.A. § 51-3-1. Defendants allege that BJS is an out-of-possession landlord against which premises liability exists only under the provisions of O.C.G.A. § 44-7-14, which provides:

> Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.

O.C.G.A. § 44-7-14. "The code section makes it clear that a landlord who relinquishes possession of the premises cannot be liable to third parties for damages arising from the negligence of the tenant." Colquitt v. Rowland, 463 S.E.2d 491, 492 (Ga. 1995) (citation omitted).

    C.    <u>Analysis</u>

        1.    <u>There Is No Possibility that Plaintiff Can Prove a Cause of Action Against BJS</u>

BJS established that it was an out-of-possession landlord. QuikTrip fully occupied the premises on the date of the incident and BJS did not retain any right of possession or maintenance responsibilities on that date. (Id. ¶ 8). BJS did not have any employees and thus did not have any presence on the premises at the time of the shooting incident or before. (Id. ¶ 10).

8

As an out-of-possession landlord, BJS cannot be found liable for damages in tort unless Plaintiff could establish that her damages were attributable to BJS's defective construction of the premises or its failure to keep the premises in repair. O.C.G.A. § 44–7–14; Martin v. Johnson-Lemon, 516 S.E.2d 66, 68 (Ga. 1999).

Plaintiff seeks to shoehorn her negligent security claims into "the failure to keep the premises in repair" exception under Section 44-7-17. ([19] at 5). Her argument is not supported by Georgia law and her reliance on Gainey v. Smacky's Inv., Inc., 652 S.E.2d 167 (Ga. Ct. App. 2007) is misplaced. In Gainey, the Court of Appeals of Georgia stated that a landlord's liability for failure to repair arises only

> in instances where there is a duty to repair and notice has been given of the defect. Such duty does not include a duty of maintenance. Rather, the term 'repair' contemplates an existing structure which has become imperfect, and means to supply in the original structure that which is lost or destroyed, and thereby restore it to the condition in which it originally existed, as near as may be."

Id. at 169-70 (internal quotations and citation omitted). See also Sidhi Inv. Corp. v. Thrift, 785 S.E.2d 552, 555 (Ga. Ct. App. 2016) (out-of-possession landlord not liable in alleged failure to maintain in trip and fall action); Boone v. Udoto, 747 S.E.2d 76, 80 (Ga. Ct. App. 2013) (affirming out-of-possession landlord not liable in negligent security claim); Ranwez v. Roberts, 601 S.E.2d 449, 451 (Ga. Ct. App.

9

2004) (out-of-possession landlord not liable to person injured by dog attack on premises); Rainey v. 1600 Peachtree, LLC, 565 S.E.2d 517, 519 (Ga. Ct. App. 2002) (out-of-possession landlord not liable to plaintiff injured on an allegedly unsafe step).

There is no structural repair issue that Plaintiff alleges caused or was related to the shooting death of her son. The Complaint alleges only that Plaintiff's damages were the result of Defendants' failure to inspect, patrol, and maintain the subject premises, provide adequate lighting, employ other security measures, and manage the premises. (Compl. ¶¶ 27-29). Even a landlord's retention of the right to enter and inspect a premises would not "evidence such dominion and control of the premises so as to vitiate the landlord's limited liability imposed by O.C.G.A. § 44–7–14." Boone, 747 S.E.2d at 80 (citations omitted). Because the Complaint is devoid of any allegation that the loss or destruction of the premises caused the shooting death of the decedent, there is no possibility Plaintiff can establish a cause of action against BJS.

There is no allegation that BJS constructed the QuikTrip facility on the premises or had any responsibility to keep the premises in repair. It also is clear that the claim asserted by Plaintiff in this action arises not from any condition of the store or the ground upon which it was constructed but by the failure of the

operator of the QuikTrip to provide adequate lighting and security to customers of the premises or to repair the QuikTrip store.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss BJS [10] is **GRANTED** and BJS is **DISMISSED** as a named defendant to this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [12] is **DENIED** as moot.

**SO ORDERED** this 24th day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE